FIRST HEALTHCARE CORP. v. RETTINGER

[342 N.C. 886 (1996)]

We hold that the superior court was not in error in excluding the defendant's statement made on 11 June 1993.

As to the statement of 16 June 1993, the court found as a fact that the two SBI agents went to the sheriff's office on that date and interviewed the defendant, who was incarcerated. The court concluded the defendant did not initiate this dialogue and excluded the defendant's statement. In this we find no error. The court's finding is supported by competent evidence and in turn supports the conclusion of law that the defendant's statement was obtained in violation of his constitutional rights.

AFFIRMED.

━━━━━━━━━━

FIRST HEALTHCARE CORPORATION d/b/a HILLHAVEN SOUTH, INC. d/b/a WINSTON-SALEM CONVALESCENT CENTER v. NELL H. RETTINGER, IND., AND NELL H. RETTINGER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LAWRENCE JOHN RETTINGER, DECEASED

No. 230A95

(Filed 8 March 1996)

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) and on discretionary review pursuant to N.C.G.S. § 7A-31(a), from the decision of a divided panel of the Court of Appeals, 118 N.C. App. 600, 456 S.E.2d 347 (1995), reversing the order allowing plaintiff's summary judgment entered by Cornelius, J., on 19 January 1994 in Superior Court, Forsyth County. Heard in the Supreme Court on 12 February 1996.

*Smith Helms Mulliss & Moore, L.L.P., by Maureen Demarest Murray and Christine T. Nero, for plaintiff-appellant.*

*Allman Spray Leggett & Crumpler, P.A., by David C. Smith and Linda L. Helms, for defendant-appellee.*

*North Carolina Health Care Facilities Association, by Sally J. Marshall, General Counsel; North Carolina Hospital Association, by William A. Pully, Vice President and General Counsel; and North Carolina Association for Home Care, by Nancy H. Temple, Executive Director, amici curiae.*

*Kate Mewhinney, Associate Clinical Professor, Legal Clinic for the Elderly, Wake Forest University School of Law; Booth, Harrington, Johns & Campbell, by A. Frank Johns; and Craige,*

TITLE INS. CO. OF MINN. v. SMITH, DEBNAM, HIBBERT AND PAHL

[342 N.C. 887 (1996)]

*Brawley, Liipfert, Walker & Searcy, by B. Bailey Liipfert, III, on behalf of National Academy of Elder Law Attorneys, amicus curiae.*

*Booth, Harrington, Johns & Campbell, by A. Frank Johns; and Anna Moretti Kavolius on behalf of Choice in Dying, Inc., amicus curiae.*

PER CURIAM.

For the reasons stated in the dissenting opinion of Judge Walker in the Court of Appeals, the decision of the Court of Appeals is reversed.

REVERSED.

━━━━━━━━━

TITLE INSURANCE COMPANY OF MINNESOTA v. SMITH, DEBNAM, HIBBERT AND PAHL, A NORTH CAROLINA GENERAL PARTNERSHIP, AND W. THURSTON DEBNAM, JR., FRED J. SMITH, JR., CARL W. HIBBERT, JR., J. LARKIN PAHL, JOHN W. NARRON AND BETTIE KELLEY SOUSA, GENERAL PARTNERS

No. 366A95

(Filed 8 March 1996)

Appeal by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 119 N.C. App. 608, 459 S.E.2d 801 (1995), affirming in part and reversing in part the judgment entered by Johnston, J., on 25 February 1994 in Superior Court, Mecklenburg County, and remanding for a new trial on damages. On 5 October 1995, the Supreme Court allowed both plaintiff's and defendants' petitions for discretionary review of additional issues. Heard in the Supreme Court 12 February 1996.

*Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr., and John H. Carmichael, for plaintiff-appellee and -appellant.*

*Crews & Klein, P.C., by Paul I. Klein, James P. Crews, and James N. Freeman, Jr., for defendant-appellees and -appellants.*

PER CURIAM.

As to the sole issue brought forward on appeal by the dissent in the Court of Appeals, the decision of the court by Judge Lewis is affirmed except that the following sentence in the opinion is dis-